UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE PIEDAD SOLORIO,

        Plaintiff,

    v.

MIKE EVANS, Warden, Salinas Valley State Prison, Soledad,

        Defendants.
                                                /

No. C 06-4641 MHP

**ORDER TO SHOW CAUSE**

     Petitioner Jose Piedad Solorio is currently a prisoner of the State of California incarcerated at Salinas Valley State Prison. Petitioner brings this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. section 2254 to challenge his conviction. Jurisdiction to address a petition for writ of habeas corpus exists in the district of incarceration and in the district of conviction. 28 U.S.C. § 2241(d). Although venue is therefore proper in either the district of confinement or the district of conviction, traditionally California federal courts hear petitions for a writ of habeas corpus in the district of conviction. Laue v. Nelson, 279 F. Supp. 265 (N.D. Cal. 1968) (Weigel, J.). Venue lies in this district because petitioner was convicted in Monterey County Superior Court.

BACKGROUND

     Petitioner was convicted for his part in a gang-related gun battle. Fifteen years old at the time, petitioner was tried in court as an adult and convicted of five counts of attempted murder with

enhancements for use of a firearm and street terrorism on some of the counts. Cal. Penal Code §§ 187(a); 664a; 12022.53(c); 186.22(b)(1)(C). Petitioner was sentenced to forty-seven years to life imprisonment.

Petitioner appealed his initial conviction in the Sixth District California Court of Appeal on January 31, 2003. That court reversed the first count of attempted murder; struck the ten-year enhancement imposed pursuant to Cal. Penal Code section 186.22(b)(1)(c) on counts five and seven; stayed the three-year enhancement imposed pursuant to Penal Code section 12022.7(a) on count eleven; and ordered the Superior Court to re-sentence in light of those modifications. Petitioner filed a petition for review in the Supreme Court of California on March 16, 2005. This petition was denied on May 11, 2005. On remand from the Court of Appeal, the district attorney amended the information charging petitioner with count twelve, assault with a firearm, and petitioner pled guilty. Cal. Penal Code § 12022.5(a). The Superior Court modified its earlier judgment and sentenced petitioner to forty-four years to life imprisonment. Petitioner then filed the present petition for a writ of habeas corpus in this court.

LEGAL STANDARD

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). The purpose of the writ of habeas corpus is to "protect individuals from unconstitutional convictions and . . . to guarantee the integrity of the criminal process by assuring that trials are fundamentally fair." O'Neal v. McAninch, 513 U.S. 432, 442 (1995).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. A district court may summarily dismiss a habeas petition where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Hendricks v. Vasquez, 908 F.2d 490,

1  491 (9th Cir. 1990) (quoting 28 U.S.C. § 2254, Rule 4).  Summary dismissal is appropriate only
2  when the allegations in the petition are vague, conclusory, palpably incredible, patently frivolous, or
3  false.  Id.

DISCUSSION

In petitioner's current petition, he raises six claims in support of his argument that he is in custody in violation of the Constitution of the United States.  Five of these claims involve allegedly improper jury instructions; the sixth claim pertains to the sufficiency of the evidence supporting his conviction for attempted murder.  First, petitioner contends that his claim of self-defense was undermined when the trial court improperly instructed the jury on two theories that eliminated self-defense.  Second, petitioner claims his constitutional rights were violated when the court did not define the meaning of "mutual combat."  Petitioner asserts that the concept of mutual combat was critical to the jury's evaluation of petitioner's self-defense claim and therefore a failure to define the term may have prevented the jury from properly evaluating the evidence.  In his third claim, petitioner alleges that the evidence presented supported an instruction of sudden quarrel/heat of passion to establish a voluntary manslaughter theory to overcome the charge of attempted murder.  The trial court failed to instruct on these theories, however, and petitioner claims that the failure to do so is constitutional error.  Petitioner's fourth claim for relief is based on the trial court's refusal to instruct the jury as to which party bears the burden of proof in a self-defense claim.  Petitioner claims that the prosecution must prove the absence of self-defense beyond a reasonable doubt and the jury could not have reasonably evaluated petitioner's claim of self-defense without that instruction.

Petitioner's fifth claim is that the trial court committed prejudicial error by instructing the jury not to consider whether other people involved in the incident were or were not being prosecuted for the same incident.  This instruction, petitioner claims, improperly told the jury to disregard important credibility issues, such as a witness's potential criminal liability or plea agreements with the prosecution.  Petitioner claims his constitutional right to have the jury determine every material

UNITED STATES DISTRICT COURT
For the Northern District of California

3

issue presented by the evidence, including the credibility of witnesses, was violated. Finally, petitioner asserts that he was convicted for attempted murder on insufficient evidence of malice in violation of his constitutional rights.

On the basis of the record before the court, which at this time consists only of the petition itself, petitioner's allegations do not appear vague, conclusory, palpably incredible, patently frivolous, or false. Petitioner's claims that the trial court made substantial errors when instructing the jury about the elements of attempted murder and self-defense implicates his due process rights. "The State must prove every element of the offense, and a jury instruction violates due process if it fails to give effect to that requirement." Middleton v. McNeil, 541 U.S. 433, 437 (2004) (citations omitted). Thus, the court finds that petitioner's claims regarding jury instructions are cognizable in a petition for a writ of habeas corpus. As to petitioner's sixth claim, a conviction on the basis of insufficient evidence constitutes a fundamentally unfair trial and violates due process. Jackson v. Virginia, 443 U.S. 307, 315 (1979). "[T]he Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." Id. (citations omitted); See also Ward v. Monroeville, 409 U.S. 57, 61 (1972) (holding that it deprives a defendant of due process when the trier of fact is biased because the trial is fundamentally unfair). Therefore petitioner also states a cognizable claim for relief by alleging that he was convicted of attempted murder on insufficient evidence.

Petitioner asks the court to "take judicial notice of the papers and record on file in the matter of People v. Jose Solorio, Supreme Court of California Case No. S 132181." Petition, at 25. A court may only take judicial notice of facts "generally known within the territorial jurisdiction of the trial court or . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Petitioner's request appears to be an effort to have this court consider the records from the state court criminal proceedings in determining whether an Order to Show Cause ("OSC") should issue. This is premature. At this stage the proper procedure is for the court to issue an OSC if the face of the petition makes the necessary threshold showing of

4

constitutional infirmity. Then, in response to the OSC, the respondent provides the record of the proceedings from the state court with its answer to the habeas petition. If respondent does not provide a desired document with its answer, it is petitioner's responsibility to obtain a copy of that document and file it here such as by attaching it as an exhibit to his traverse. Therefore, the request for judicial notice is denied without prejudice to its renewal at the appropriate time. Indeed, the court will review the submitted record of proceedings from the state court when all briefing is completed even without a request for judicial notice.

CONCLUSION

Having reviewed the petition, the court hereby FINDS and ORDERS:

(1) Petitioner's six claims state cognizable claims for federal habeas relief;

(2) The clerk of this court SHALL, by certified mail serve a copy of this Order and a copy of petitioner's petition upon the Attorney General of the State of California; and serve a copy of this Order upon petitioner and petitioner's attorneys;

(3) Pursuant to Habeas Local Rule 2254-6, respondent shall file an answer or other pleading with this court within **sixty** days of the date of this order. This answer or other pleading must conform in all respects to 28 U.S.C. section 2254, Rule 5, and SHOW CAUSE why a writ of habeas corpus should not issue. Respondent shall file with the answer or other pleading a copy of all portions of the trial record that have been previously transcribed and that are relevant to a determination of the issues presented in the petition. Respondent shall also address the question of which of petitioner's claims, if any, survived his subsequent plea and resentencing. Respondent shall also advise the court of the state's position on the exhaustion of petitioner's claims;

(4) Pursuant to Habeas Local Rule 2254-6, petitioner shall respond to the answer or other pleading by filing a traverse with the court and serving it upon respondent within **thirty** days after he receives the answer. In his traverse, petitioner shall also address which claims survived his subsequent plea and resentencing as well as respond to the state's position on exhaustion.

(5) This matter shall be deemed submitted as of the date petitioner's traverse is due. No hearing will be held unless the court so orders at a later date.

IT IS SO ORDERED.

Dated: January 11, 2007



MARILYN HALL PATEL
District Judge
United States District Court
Northern District of California